UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Fritz Gerald Toussaint,

                      Plaintiff,         **MEMORANDUM & ORDER**

    -against-                               23-CV-03750 (DG) (LB)

Lyft,

                      Defendant.
------------------------------------------------------------X
Fritz Gerald Toussaint,

                      Plaintiff,         23-CV-03751 (DG) (LB)

    -against-

Home Depot,

                      Defendant.
------------------------------------------------------------X
Fritz Gerald Toussaint,

                      Plaintiff,         23-CV-03752 (DG) (LB)

    -against-

Bank of America,

                      Defendant.
------------------------------------------------------------X
Fritz Gerald Toussaint,

                      Plaintiff,         23-CV-03753 (DG) (LB)

    -against-

Apple Inc., iCloud, and iTunes,

                      Defendants.
------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On May 18, 2023, Plaintiff Fritz Gerald Toussaint, proceeding *pro se*, filed the four above-captioned actions, raising various – largely difficult to decipher – allegations against the various Defendants.[1] Also on May 18, 2023, Plaintiff requested leave to proceed *in forma pauperis* in each of the four above-captioned actions.[2]

The Court grants Plaintiff's requests to proceed *in forma pauperis* in the four above-captioned actions and consolidates the four above-captioned actions solely for the purpose of this Order.

For the reasons set forth below, (1) the Complaints in the four above-captioned actions are dismissed; and (2) Plaintiff is directed to show cause, by **June 23, 2023**, why he should not be enjoined from filing any new action seeking *in forma pauperis* status without first obtaining leave of Court.

## BACKGROUND

On March 17, 2023, the Court issued a Memorandum & Order in *Toussaint v. Institute for Family Health*, No. 23-CV-01745 (DG) (LB) (the "March 17, 2023 Memorandum & Order"), in which the Court, *inter alia*, (1) set forth the applicable standard of review; (2) dismissed the Complaint in the case in its entirety for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (3) granted Plaintiff leave to file an Amended Complaint by April 17, 2023; (4) set forth Plaintiff's litigation history, which included the filing

---

[1] *See Toussaint v. Lyft*, No. 23-CV-03750 (DG) (LB), Complaint, ECF No. 1; *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB), Complaint, ECF No. 1; *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB), Complaint, ECF No. 1; *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB), Complaint, ECF No. 1.

[2] *See Toussaint v. Lyft*, No. 23-CV-03750 (DG) (LB), ECF No. 2; *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB), ECF No. 2; *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB), ECF No. 2; *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB), ECF No. 2.

of more than 30 cases in the United States District Court for the Eastern District of New York since February 2022; (5) advised Plaintiff that the United States Court of Appeals for the Second Circuit has stated that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system;" and (6) cautioned Plaintiff "to be mindful of a court's ability to impose sanctions – including restrictions on future access to the judicial system – when Plaintiff is deciding whether to file additional lawsuits in the United States District Court for the Eastern District of New York."  *See generally Toussaint v. Institute for Family Health*, No. 23-CV-01745, ECF No. 4.[3]

Familiarity with the March 17, 2023 Memorandum & Order is assumed herein.

Since the issuance of the Court's March 17, 2023 Memorandum & Order, Plaintiff has continued to file new actions in the United States District Court for the Eastern District of New York, including the four above-captioned actions pending before the undersigned.[4]

In light of Plaintiff's *pro se* status, the Court liberally construes the Complaints in the four above-captioned actions.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### *Toussaint v. Lyft*, **No. 23-CV-03750 (DG) (LB)**

The Complaint in *Toussaint v. Lyft*, No. 23-CV-03750 (DG) (LB) appears to allege that Defendant Lyft interfered with Plaintiff's "research" using "apps" and "human intelligence" that "led it to start a business with Hertz" in violation of "equal protection" and the First and Fourth

---

[3] By Order dated May 19, 2023, the Court dismissed the case in light of Plaintiff's failure to file an Amended Complaint or to take any action in the case following the issuance of the March 17, 2023 Memorandum & Order.

[4] Another case post-dating issuance of the March 17, 2023 Memorandum & Order is pending before the Honorable Nina R. Morrison of the United States District Court for the Eastern District of New York.  See *Toussaint v. Chase Bank*, No. 23-CV-03749 (NRM) (LB) (filed May 16, 2023).

Amendments.

Plaintiff seeks, *inter alia*, "797 billion British pounds," "all data gathered," "all recordings," "all notes" and "email," and "discovery."

Plaintiff alleges that he is domiciled in the State of California and that Defendant is a citizen of the State of California. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB)

The Complaint in *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB) appears to allege that Defendant Home Depot "manipulated credit ratings," "blocked entry to the payment portal," "caused its representatives to not be available such that payment could not be posted," and added "high fees on [Plaintiff's] account."

Plaintiff seeks punitive damages of "47333111.77 million euros," compensatory damages of "3,33,773111.47 million euros," and "a letter of apology from Home Depot Credit Services General Counsel and its CEO."[5]

Plaintiff alleges that he is domiciled in the State of California and that Defendant is a citizen of the State of Georgia. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB)

The Complaint in *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB) appears to allege that Defendant Bank of America "deprived" Plaintiff of a "bank ATM card" and changed

---

[5] The damages amounts quoted above are taken from the "Relief" section of the Complaint. In the "Amount in Controversy" section, Plaintiff indicates a punitive damages amount of "37,111,333.77 million euros" and a compensatory damages amount of "13,777,337.11 million euros."

4

his mailing address on bank documents "to an address [he] didn't give them as a method of depriving [him] of equal protection specifically to avoid regulation." Plaintiff seeks "discovery" and "one million three hundred thirty three GBP."[6]

Plaintiff alleges that he is domiciled in the State of California and Plaintiff lists an address in Charlotte, North Carolina as Defendant's address. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB)

The Complaint in *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB) appears to allege that Defendant Apple Inc. "denied" Plaintiff access to its iCloud platform "using subversive method and falsehoods" while he was "developing technology" so that he "wouldn't disrupt its business model through [his] creations."

Plaintiff seeks, *inter alia*, "discovery," "immediate establishment of a compensation fund," "13 billion British pound sterling," and "3 billion HTG (Gourdes)."

Plaintiff alleges that he is a citizen of the State of California and Plaintiff lists an address in Cupertino, California as the address for Defendants. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

## DISCUSSION

Title 28, United States Code, Section 1391(b) ("Section 1391(b)"), in relevant part, provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

---

[6] The amount quoted above is taken from the "Relief" section of the Complaint. In the "Amount in Controversy" section, Plaintiff indicates an amount of "one million four hundred thirty three HTG."

5

occurred."

Title 28, United States Code, Section 1406(a) ("Section 1406(a)") provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *See Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

Here, in each of the four above-captioned actions, venue does not properly lie in the Eastern District of New York as Plaintiff has not satisfied either of the relevant requirements of Section 1391(b): Plaintiff does not allege that any Defendant resides in the Eastern District of New York and does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York. *See generally* Complaints.

The Court declines to transfer any of the four above-captioned actions to another judicial district as transfer would not be in the interest of justice. Each of the four Complaints, even liberally construed, fails to state a claim on which relief may be granted.[7]

The Complaints are dismissed without prejudice. *See* 28 U.S.C. § 1406(a).

---

[7] Indeed, the Complaints appear to be frivolous. *See Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Hakaniemi v. Zuckerberg*, No. 21-CV-04345, 2021 WL 3566221, at *1 (E.D.N.Y. Aug. 12, 2021).

## ORDER TO SHOW CAUSE

Plaintiff is again advised that the United States Court of Appeals for the Second Circuit has stated that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quotation marks omitted); *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (discussing factors district courts should consider in determining whether or not to restrict a litigant's future access to the courts, which factors include, *inter alia*, the litigant's motive in pursuing the litigation and whether the litigant has posed an unnecessary burden on the courts and their personnel).

Further, in light of Plaintiff's litigation history and the resulting burden on the resources of the United States District Court for the Eastern District of New York; the Court's warning in the March 17, 2023 Memorandum & Order as to a court's ability to impose sanctions, including restrictions on future access to the judicial system; and Plaintiff's filing of the above-captioned new actions, Plaintiff is directed to SHOW CAUSE, in writing, by **June 23, 2023**, why he should not be enjoined from filing any new action seeking *in forma pauperis* status without first obtaining leave of Court.

Plaintiff is warned that should Plaintiff fail to respond to this Order to Show Cause, such failure will result in the issuance of an order enjoining Plaintiff from filing any new action seeking *in forma pauperis* status without first obtaining leave of Court.

Plaintiff is further warned that should Plaintiff respond to this Order to Show Cause but fail in such response to provide good cause for why an order enjoining him from filing any new action seeking *in forma pauperis* status without first obtaining leave of Court should not issue,

such failure also will result in the issuance of an order enjoining him from filing any new action seeking *in forma pauperis* status without first obtaining leave of Court.

## CONCLUSION

Plaintiff's requests to proceed *in forma pauperis* in the four above-captioned actions are granted.

For the reasons set forth above, the Complaints in the four above-captioned actions are dismissed without prejudice. *See* 28 U.S.C. § 1406(a). The Clerk of Court is directed to enter judgment accordingly.

Plaintiff is directed to SHOW CAUSE, in writing, by **June 23, 2023**, why he should not be enjoined from filing any new action seeking *in forma pauperis* status without first obtaining leave of Court. Plaintiff's response must be filed in the lead case, No. 23-CV-03750 (DG) (LB).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

                                        */s/ Diane Gujarati*
                                        DIANE GUJARATI
                                        United States District Judge

Dated: June 2, 2023
       Brooklyn, New York